CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

JAN 1 5 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

| | | |
|---|---|---|
| EDWARD A. JASPER, | ) | |
| Petitioner, | ) | Civil Action No. 7:08-cv-00014 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CHIEF W. C. FUGATE, | ) | **By: Hon. Glen E. Conrad** |
| Respondent. | ) | **United States District Judge** |

On December 12, 2007, plaintiff Edward A. Jasper, proceeding <u>pro se</u>, filed this action styled as a "Motion for Prison Officials to Be Ordered to Provide Plaintiff Certified Copies of His 12 Month Inmate Ledger Cards" in the United States District Court for the Eastern District of Virginia ("Eastern District"). The Eastern District entered the motion on the docket as a civil rights complaint pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In an order signed on January 4, 2008, and entered on January 9, 2008, the Eastern District observed that plaintiff and defendants all reside within the Western District of Virginia and that all events pertaining to the case occurred here; accordingly, the case was transferred to this district, pursuant to 28 U.S.C. § 1406(a). Plaintiff, an inmate at Red Onion State Prison in Pound, Virginia, seeks to compel a judge of the Wise County, Virginia Circuit Court to issue an order directing prison officials to provide documents to him, which the circuit court has evidently declined to do. For the following reasons, the court concludes that the complaint must be dismissed as malicious, pursuant to 28 U.S.C. § 1915A(b)(1).

Section 1915A(b)(1) of the Prison Litigation Reform Act provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. Congress has noted that a litigant "whose filing fees are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing

frivolous, malicious or repetitive lawsuits." Johnson v. Edlow, 37 F. Supp.2d 775, 776 (E.D. Va. 1999) (quoting Neitzke v. Williams, 490 U.S. 319, 324 (1989)). Accordingly, courts are charged with dismissing an action proceeding in forma pauperis any time during the course of the litigation when it becomes apparent that the action is frivolous or malicious. Section 1915(e)(2); Cain v. Commonwealth of Virginia, 982 F. Supp. 1132, 1136 (E.D. Va. 1997). A litigant may be deemed to act maliciously if his motive is to vex and harass the defendants. Johnson, 37 F .Supp.2d at 776. In determining whether an action is malicious, the court must review not only the instant complaint, but also the plaintiff's prior litigious conduct. Id. (citing Cochran v. Morris, 73 F.3d 1310, 1316-17 (4th Cir. 1996)).

Before filing the instant lawsuit in the Eastern District, plaintiff filed a lawsuit in this court raising the same claim as in his current complaint. See Jasper v. Fugate, Civil Action No. 7:07cv00556 (W.D. Va. November 29, 2007).[1] In plaintiff's previous case, the court dismissed his claim pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. As plaintiff knows from the court's earlier opinion in Civil Action No. 7:07cv00556, his allegations do not state any constitutional claim and the injunctive relief he requests is not available; moreover, plaintiff initiated an appeal in that case, which was transmitted to the United States Court of Appeals for the Fourth Circuit on December 17, 2007. Given the circumstances, the court concludes that plaintiff initiated the current lawsuit in bad faith, to harass and inconvenience the defendant. Therefore, the court will dismiss the instant action as malicious, pursuant

---

[1] The envelope containing the instant complaint was postmarked December 3, 2007.

to § 1915A(b)(1).[2, 3]

 The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

 **ENTER**: This 15ᵗʰ of January, 2008.

*4mm 4 Conrad*
_____
United States District Judge

---

[2] Plaintiff is advised that federal law provides that a prisoner may not bring a civil action without complete prepayment of the appropriate filing fee if the prisoner has brought, on three or more occasions, an action or appeal in a federal court that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. See 28 U.S.C. §1915(g). Plaintiff is hereby advised that this dismissal constitutes his third "strike" under § 1915(g). See Jasper v. Mullins, et al., Civil Action No. 7:07-cv-00497 (W.D. Va. November 8, 2007), and Jasper v. Fugate, Civil Action No. 7:07-cv-00556 (W.D. Va. November 29, 2007) constitute plaintiff's first two strikes.

[3] Plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).